FILED

MAR 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES CHOU; DAVID WONG, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHARLES SCHWAB & CO., INC., <br><br> Defendant-Appellee. | No. 22-15549 <br><br> D.C. No. 3:21-cv-06189-LB <br> Northern District of California, <br> San Francisco <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel Beeler, Magistrate Judge, Presiding

Submitted March 27, 2023[**]
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and KORMAN,[***] District Judge.

Charles Chou and David Wong (Plaintiffs) appeal the district court's order

granting the motion by Charles Schwab & Co., Inc. (Schwab) to dismiss Plaintiffs'

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

second amended complaint (SAC) without leave to amend. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Plaintiffs do not identify any provision in their agreements with Schwab (referred to collectively as the Agreement[1]) that required Schwab to provide uninterrupted access to its electronic trading platform, or to make available trading through "alternative means," such as via telephone or at a Schwab branch, in the event of access issues with its electronic trading platform. Plaintiffs argue that provisions in the Agreement stating that Schwab will "act as your broker to purchase and sell securities . . . based on your instructions" and "[f]rom time to time, . . . make available services . . . that allow you to place orders"—when read in conjunction with Schwab's website stating that customers could "[p]lace trades and monitor opportunities 24/7"—mean that Schwab agreed to give Plaintiffs "24/7" access to the electronic trading platform. We disagree, because the Agreement has an integration clause, and thus the website "cannot be used to add to or vary [the Agreement's] terms," but may only be used to help interpret an ambiguous term. *Masterson v. Sine*, 68 Cal. 2d 222, 225 (1968). Here, the term "[f]rom time to time" is not ambiguous in context, and is not susceptible to

---

[1] Plaintiffs concede that Chou's and Wong's agreements with Schwab are "virtually identical" for purposes of this appeal.

Plaintiffs' interpretation that Schwab will make its services available "24/7." The statement in the Agreement that "[i]f the Electronic Services are unavailable or delayed at any time, you agree to use alternative means to place your orders, such as calling a Schwab representative or visiting one of our branch offices" pertains to a Schwab customer's obligations, and creates no affirmative liability for Schwab. Because Plaintiffs do not plausibly allege that any provision of the Agreement "express[es] the obligation sued upon," their breach of contract claim fails. *Murphy v. Hartford Accident & Indem. Co.*, 177 Cal. App. 2d 539, 543 (1960).

Plaintiffs' breach of contract claim is also foreclosed by the Agreement's limitation of liability provisions, which state that Schwab "will not be liable for lost profits, trading losses or other damages resulting from the delay or loss of use of the services" and "will not be liable to you if you are unable to . . . request a transaction through the Electronic Services." These provisions are not unconscionable: there is minimal procedural unconscionability, because Plaintiffs had "reasonably available alternative sources of supply from which to obtain" online brokerage services, *Lennar Homes of Cal., Inc. v. Stephens*, 232 Cal. App. 4th 673, 689 (2014) (citation omitted), and there is no substantive unconscionability, because the narrowly targeted limitation of liability provisions are neither "unreasonably favorable" to Schwab, *Baltazar v. Forever 21, Inc.*, 62

3

Cal. 4th 1237, 1244 (2016), nor so one-sided as to "shock the conscience," *Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1391 (1996). Therefore, these limitation of liability provisions are enforceable, *Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.*, 209 Cal. App. 4th 1118, 1126 (2012), and bar Plaintiffs' breach of contract claim, which "expressly fall[s] within their scope," *Murphy v. Twitter, Inc.*, 60 Cal. App. 5th 12, 35 (2021). Because the district court did not err in dismissing Plaintiffs' breach of contract claim, it also did not err in dismissing Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing, which did "not go beyond the statement of a mere contract breach." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990).

We affirm the district court's dismissal of Plaintiffs' claim for declaratory relief. Under California law, declaratory relief is a remedy, not a cause of action. *See Roberts v. L.A. Cnty. Bar Ass'n*, 105 Cal. App. 4th 604, 618 (2003). Because the district court properly dismissed Plaintiffs' other claims, its dismissal of their request for declaratory relief was also proper. *See Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010).

Finally, the district court did not abuse its discretion in dismissing the SAC without leave to amend. Because this is Plaintiffs' third complaint, the district court's discretion to deny leave to amend is "particularly broad." *Miller v.*

*Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) (citation omitted). Plaintiffs argue that amendment would not be futile because they could add both additional factual allegations and new claims for equitable estoppel and negligent misrepresentation. We reject these arguments, because the proposed new factual allegations are irrelevant to Plaintiffs' claims, *see Kroessler v. CVS Health Corp.*, 977 F.3d 803, 815 (9th Cir. 2020), and the proposed "late amendments to assert new theories" would prejudice Schwab, *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).

**AFFIRMED.**