David Wong SBN 234788
2930 Domingo Ave #149
Berkeley CA 94705
1 415 355 4798
Attorney for Plaintiff David Wong

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| David Wong<br>　　　　　　　　　Plaintiff<br>VS.<br>Charles Schwab & Company, Inc.,<br>　　　　　　　　　Defendant | Case No. 3:21-cv-06189-LB<br><br>NOTICE OF MOTION AND MOTION TO SET ASIDE VOID JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>Date: August 1, 2024<br>Time: 9:30 AM<br>Judge: Hon. Laurel Beeler<br>Courtroom: B, 15th Floor |

# **NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on August 1, 2024 at 9:30 A.M., or as soon thereafter as this matter may be heard before the Honorable Laurel Beeler, U.S. District Court for the Northern District of California, 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom B, 15th Floor, Plaintiff David Wong will and hereby does move this Court, pursuant to lack of subject matter jurisdiction under the FRCP, for an order vacating the void judgment, and remanding the case back to state court.

This Motion is based upon this Notice of Motion, the following Memorandum of Points and Authorities, any reply memorandum, evidence and argument of counsel submitted at the hearing, and such other matters as the Court may consider.

Respectfully submitted,

DAVID WONG
By: /s/ David Wong
Dated: June 20, 2024

## I. Introduction

When a court lacks subject matter jurisdiction, any judgment rendered by the court is void. A void judgment must be set aside by the court on a motion. Voidness for lack of subject matter may be raised at any time, whether in the district court, on appeal, or as a collateral attack in another proceeding. Moore's Federal Practice §55.84(1). Here, the judgment is void because the court lacks subject matter jurisdiction. The court lacks subject matter jurisdiction because there is no diversity jurisdiction or the case falls under the securities exemption for CAFA, which strips jurisdiction from this court. If the judgment is vacated, it is as if the judgment never existed. That would allow the Court to remand the case back to state court and dismiss the case without prejudice.

## II. Subject matter jurisdiction is never waived

Subject matter jurisdiction is never waived or forfeited by the parties. Subject matter jurisdiction is a court's authority to hear a particular type of case. Stafne v. Zilly, 337 F.Supp.3d 1079 (2018). Numerous legal decisions underline the principle that subject matter jurisdiction can never be forfeited or waived. Stafne v. Zilly, 337 F.Supp.3d 1079 (2018). Rainero v. Archon Corporation, 844 F.3d 832 (2016), Matter of Martz, 672 F.Supp.3d 711 (2023). This principle is consistently recognized across various courts, including the United States Supreme Court and various Circuit and District Courts.

A key aspect of this principle is that challenges to subject matter jurisdiction can be raised at any stage of the proceedings, including for the first time on appeal, and can even be brought up sua sponte by the court itself (Matter of Martz, 672 F.Supp.3d 711 (2023), (In re

- 3 -

NOTICE OF MOTION TO SET ASIDE JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTIONT

3:21-cv-06189-LB

Kieslich, 258 F.3d 968 (2001). This enduring rule ensures that a court does not proceed without the necessary authority, thus safeguarding the legal process's integrity and the proper administration of justice.

### III. The judgment is void because the underlying data doesn't support removal under the Class Action Fairness Act

Schwab claimed diversity jurisdiction when they filed a notice of and checked "diversity jurisdiction" on the cover sheet. See Doc 1-1 and Doc 1. Under the Class Action Fairness Act (CAFA), Schwab claimed it met all of the CAFA criteria and that none of the exceptions apply.

Diversity jurisdiction is determined at the time the lawsuit is filed. Mutuelles Unies v. Kroll & Linstrom, 957 F.2d 707 (1992). Carter v. McConnel, 576 F.Supp. 556 (1983). This principle is consistently affirmed across multiple cases and statutes. Specifically, the jurisdiction of a court depends on the state of things at the time the action is brought, and this cannot be altered by subsequent events such as changes in the citizenship of the parties involved. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567 (2004). This rule ensures that the court's jurisdiction, once established, is not affected by later changes, thereby providing a clear and stable basis for legal proceedings based on diversity jurisdiction.

The class identified in the original San Francisco Superior Court complaint were the account holders trying to trade Facebook options. See Document 1-2, page 8 of 101, paragraph 41. Diversity is determined at the time of filing. By default, Schwab account holders cannot trade options because an account holder has to be approved for options trading. See Dec. of David Wong, Paragraph 7. Schwab provided a verified statement claiming in Doc 1-5, paragraph 4, that only 22% of its account holders reside in California and the rest live in other states. Even if that were true, that doesn't establish diversity jurisdiction because the class was not every Schwab

- 4 -

account holder. Even if 99% of Schwab's accounts were located in non-California states, if the vast majority of those accounts were not approved options trading and weren't trying to trade Facebook options, it doesn't count. The bottom line is the data Schwab relied on to determine diversity jurisdiction is not useful. At best, it's misleading.

Schwab asserted there were at least 100 class members, the amount in controversy was greater than $5 million, and that there was minimal diversity and that no "local controversy" or "home state" exceptions applied. Schwab may have claimed to Plaintiff Charles Chou that it adjusted 1,500 accounts, but where were those accounts located and were those accounts trading Facebook options? Also, if they were already adjusted, these accounts should not count because they are not eligible for double recovery. How many Schwab accounts on the day of removal to this Court were there outstanding claims for Facebook options trading losses? And where are those accounts located?

Therefore, this Court doesn't really know if diversity requirements were met. .

IV. **The securities-related exception to the Class Action Fairness Act bars Schwab from using CAFA to obtain diversity jurisdiction even if there is diversity under CAFA**

In *Krasner* v. *Cedar Realty Trust, et al.*, — F.4th –, 2023 WL 7517017 (2d Cir. Nov. 14, 2023), the U.S. Court of Appeals for the Second Circuit considered whether the securities-related exception to the federal jurisdiction conferred by the Class Action Fairness Act (CAFA) prohibited removal to federal court of a class action alleging aiding and abetting the breach of fiduciary duties and tortious interference claims.

In a unanimous decision authored by Chief Judge Debra Livingston and joined by Circuit Judges Beth Robinson and Maria Araújo Kahn, the panel held that the CAFA exception applied and that the case was therefore properly remanded to state court. Here, the case was originally filed in

NOTICE OF MOTION TO SET ASIDE JUDGMENT FOR LACK OF SUBJECT MATTER JURISDICTIONT

3:21-cv-06189-LB

San Francisco Superior Court. The original complaint alleged breach of fiduciary duties involving the trading of securities. Doc 1-2, page 18 of 101, see also paragraph 41 of the SF Superior Court original complaint. The class action securities exception rule is covered in 28 USC 1453(d)(1) and (d)(3). This statute prohibits removing class actions when the class action involves a security. Facebook, being a publicly traded company, is a covered security under the statute. The Securities Exchange Act of 1934 primarily regulates transactions of securities in the secondary market. As such, the 1934 Act typically governs transactions which take place between parties which are not the original issuer, such as trades that retail investors execute through brokerage companies. Here, Charles Chou was trading Facebook options. Schwab was a brokerage company executing the trade. Plaintiff alleged a breach of fiduciary duty and violation of the best execution rule. Doc 1-2, paragraphs 39 and 40. Both FINRA and the SEC play a role in enforcing the best execution rule. The best execution rule is a federal securities regulation. There is no doubt Facebook options is a covered financial security. Therefore, this case doesn't really belong in federal court because of the securities exemption.

Even if the Court ignores the law on 28 USC 1453(d), the Court should not accept Schwab's claims that there is diversity. I challenge that factually and facially. On its face, the data provided by Schwab is not helpful for determining diversity. If the Court declines to accept Facebook is a regulated security by the Securities Exchange Act of 1934, the Court should seek verification there is truly a class that meets the criteria and that no local or home exceptions apply. Factually, Schwab's data doesn't help establish diversity because it identified a group of people who are not really the class in this case.

**V.** **Vacating the void judgment and remanding back to state court matters because Schwab is blaming me for their system failures when they locked me out of their system to deposit money**

The Court might be wondering why fixing the void judgment matters. It matters because Schwab is seeking over $200,000 from me in a FINRA arbitration after I already gave them $100,000. $300,000 is a lot of money to me because although I am an attorney on paper, I am really a pianist at heart. https://www.youtube.com/watch?v=PWPj7THC0jM Schwab is blaming me for their system failures and is trying to make me financially responsible for them even though I had no control over their computers, telephones, or branches.

Schwab said I had multiple opportunities to amend my pleading and cure any deficiencies. Doc 35, page 6, line 2. This is false. I joined the case in the second amended complaint for the first time. I had no opportunity to amend my pleading prior to the second amended complaint. Plaintiff Charles Chou had at least 3 times to amend, but I did not even get one.

I should be allowed to tell my story. I should be allowed to explain how Schwab told me in January 2020 they would stand behind their system failures if I tried the branch and telephone or alternative means. I should be allowed to litigate in state court and explain how Schwab paid me thousands of dollars in 2020 in order to explain how I got tricked into believing they would stand behind their systems and that I could trust them. I should be allowed to show how I would have met the margin call and how I had the funds to do so if there was not a complete systems meltdown. I should be allowed to challenge the validity of the contract by claiming Schwab made statements to me in January 2020 which fraudulently induced me to agree to the new terms and conditions of the contract (Schwab updated their contract after January 2020 and I wouldn't have agreed to the terms and conditions if I knew their negligent misrepresentation statements to me weren't true). I also would not have continued to trade in a margin account if Schwab didn't reimburse me for system failure losses in 2020. Schwab is claiming the adverse judgment in this case bars me from asserting my negligent misrepresentation counterclaim and defenses due to

collateral estoppel and res judicata. They essentially got this win by misleading the Court into believing I have had plenty of opportunities to amend.

Please send this case back to state court by making a finding there is no diversity jurisdiction or that the securities exemption clause applies making CAFA inapplicable.

Words cannot describe the level of emotional distress I am under right now. The medical bills are piling up for my mom's care. Please allow me to continue to spend more time with my mom and not be distracted by Schwab. Schwab thinks I can hire a caregiver to take care of my mom but it's not so easy. My mom's first language is not English and she is hard of hearing. She can only hear if spoken to at certain frequencies and at certain decibel levels. Those decibel levels cannot be too high or too low. This makes it difficult for staff to interact with her,A computer chip monitors her and depending on what that chip says, medication needs to be administered.

In 2022, my dad went to the hospital but never came back home. He died. I was surprised when I was not given a chance to amend but I had to work with the doctors so my dad could regain consciousness. I am still grieving the loss. There is not a day that goes by without me thinking of him. I now take care of my mother 24/7. After my dad's death, my mom's health declined so much family members thought she was going to die last year and I worked hartd to bring her back. She is doing so much better after I got her appropriate care. But my days are tied up with taking care of her. She requires stories to keep engaged with the world, I feel this is necessary to prevent dementia. I would hire someone but I have yet to find someone who can tell stories to make my mom laugh.

**VI. Conclusion**

The judgment is void because this Court lacked subject matter jurisdiction to enter the judgment. It lacked subject matter jurisdiction because there is no diversity jurisdiction since the Class Action Fairness Act requirements are being challenged. Diversity jurisdiction is required because there is no other basis for this case to be in federal court. Even if Schwab could provide verifiable data diversity jurisdiction is met, the securities exemption for the Class Action Fairness Act applies because the matter at issue is the trading of Facebook options, which is a covered security. If the void judgment is vacated, it is as if the judgment does not exist. The Court is then free to order whatever it wants.

The Court should remand the case back to state court because this case is not properly in federal court.

Respectfully submitted,

/s/ David Wong

David Wong

June 21, 2024